UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO CAMPOS, individually and in behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>–against–<br><br>835 FOX ST REALTY, LLC; OAK EQUITIES LLC; OSCAR KOHN; and JOSH KOWITZ, jointly and severally,<br><br>Defendants. | 20 CV 7149 |

**COMPLAINT AND JURY DEMAND**

1. The plaintiff, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2. The plaintiff further alleges, the defendants are liable to the plaintiff for (1) unjust enrichment, (2) breach of contract, and such other relief available by law.

3. The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(3), and that the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

**JURISDICTION AND VENUE**

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Fernando Campos is and was at all relevant times an adult residing in Bronx County, New York.

8. The defendant 835 Fox St Realty, LLC is and was at all relevant times a New York limited liability company with its office in Bronx County.

9. The defendant Oak Equities LLC is and was at all relevant times a New York limited liability company with its office in Bronx County.

10. Upon information and belief, the defendant Oscar Kohn is and was at all relevant times an adult.

11. Upon information and belief, the defendant Josh Kowitz is and was at all relevant times an adult.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

13. The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

14. At all relevant times, the defendants' business is residential apartment buildings doing business as Oak Equities and 835 Fox St, Realty LLC with buildings at 835, 839, and 855 Fox Street, Bronx, NY.

15. Upon information and belief, at all relevant times, the defendant Oscar Kohn was an owner, shareholder, officer, or manager of the defendants' business.

16. Upon information and belief, at all relevant times, the defendant Oscar Kohn was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

17. Upon information and belief, at all relevant times, the defendant Oscar Kohn had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

18. Upon information and belief, at all relevant times, the defendant Josh Kowitz was an owner, shareholder, officer, or manager of the defendants' business.

19. Upon information and belief, at all relevant times, the defendant Josh Kowitz was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

20. Upon information and belief, at all relevant times, the defendant Josh Kowitz had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

21. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

22. The defendants employed the plaintiff approximately from 2001 until May 2020.

23. The defendants employed the plaintiff as a superintendent and porter.

24. The plaintiff worked for the defendants approximately fifty-six hours per week.

25. The defendants paid the plaintiff approximately $195 at the end of every week and $650 at the end of every month.

26. The defendants paid the plaintiff by check.

27. Approximately three years ago, the defendants promised to reimburse the plaintiff's cell phone bill, which amounted to $40.00 per month, but the defendants failed to ever actually pay plaintiff for his cell phone bill. Plaintiff used his cell phone to answer calls from tenants and respond to them on a regular basis.

28. The defendants willfully failed to pay the plaintiff and party plaintiffs the applicable minimum wage.

29. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

30. The defendants failed to provide the plaintiff with a statement with each payment of wages.

31.     Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

32.     Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

33.     The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 32 as if they were set forth again herein.

34.     At all relevant times, the defendants, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

35.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

36.     The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

37.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

38. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

39. The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

40. The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

41. The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 203(m), 206, and 215(a)(2), and 29 C.F.R. § 531.52, by misusing tips of the plaintiff and party plaintiffs.

42. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

43. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

44. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

45. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

46. The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## WAGE THEFT PREVENTION ACT

47. The plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if they were set forth again herein.

48. The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2.

49. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2, the plaintiff should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

50. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d).

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT

51. The plaintiff restates and incorporates paragraphs 1 through 50 as if they were set forth again herein.

52. As a result of defendants' failure to reimburse claimant for the money he spent paying his cell phone bill for the past approximately three years paying, the defendants must pay plaintiff the amount he spent in those years on his cell phone bill.

### FOURTH CLAIM FOR RELIEF
### CONTRACT

53. The plaintiff restates and incorporates paragraphs 1 through 52 as if they were set forth again herein.

54. The defendants promised to reimburse plaintiff for his cell phone bill.

55. Plaintiff used his cell phone to respond to calls from tenants as part of his job duties working as employee for the defendants.

56. Defendants owe plaintiff the money he spent on his cell phone bill, since the date they promised to start paying his cell phone bill for him, which was approximately three years ago.

### FIFTH CLAIM FOR RELIEF:
### DECLARATORY RELIEF

57. The plaintiff realleges and incorporates by reference paragraphs 1 through 56 as if they were set forth again herein.

58. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

59. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

60. It is in the public interest to have these declarations of rights recorded.

61. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

62. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

63. Wherefore, the plaintiff, on behalf of the plaintiff and party plaintiffs, prays this Court grant as relief:

   a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

   b. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

   c. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Fair Labor Standards Act;

   d. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

   e. an award of promised reimbursements for defendants (1) unjust enrichment and (2) breach of contract;

  f. an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a);

  g. an award of liquidated and punitive damages for (1) unjust enrichment and (2) breach of contract

  h. an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

  i. a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

  j. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  k. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  l. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

  m. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  n. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: *John M. Gurrieri*
John M. Gurrieri
jmgurrieri@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
September 2, 2020